IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **LOUIS J. DOMENICO III,** | : | **CIVIL ACTION** |
| Plaintiff, | : | |
| | : | No.: |
| v. | : | |
| | : | |
| | : | |
| **COLONIAL USED AUTO SALES INC.,** | : | |
| **RALPH VECCHIO SR., RALPH** | : | |
| **VECCHIO JR., TERRY VECCHIO,** | : | |
| **and MARGUERITE VECCHIO,** | : | |
| Defendants. | : | **JURY TRIAL DEMANDED** |

## COMPLAINT

### I. PRELIMINARY STATEMENT

This is an action for an award for damages, declaratory and injunctive relief, attorney's fees and other relief on behalf of Plaintiff, Louis J. Domenico III (hereinafter "Plaintiff"). Plaintiff was an employee of Defendant, Colonial Used Auto Sales Inc. (hereinafter "Colonial"), who has been harmed by the sex-based harassment, sex-based discrimination, and retaliatory practices as well as other improper conduct by Colonial and its agents, servants, and representatives including but not limited to Ralph Vecchio Sr., Owner, Ralph Vecchio Jr., Manager and Buyer, Terry Vecchio, the Notary Public, and Marguerite Vecchio, Motor Vehicle Administrator.

This action is brought under Title VII of the Civil Rights Act of 1964 and 1991 ("Title VII"), as amended, 42 U.S.C. § 2000e, *et seq.*, the Pennsylvania Human Relations Act, 43 Pa.C.S.A. § 951 et seq., and Pennsylvania common law.

### II. JURISDICTION AND VENUE

1. The jurisdiction and venue of this Court is invoked in this District pursuant to Title 42 U.S.C. § 2000e-5(f), 28 U.S.C. § 1331 and 1391, 2201, 2202, 1343 and the claim is

substantively based on Title VII of the Civil Rights Act of 1964 and 1991, as amended, 42 U.S.C. § 2000e, *et seq*.

2. The supplemental jurisdiction of this Court is invoked pursuant to Title 28 U.S.C. §1367, to consider Plaintiff's claim arising under the Pennsylvania Human Relations Act, 43 Pa. Cons. Stat. Ann. §951 et seq.

3. Venue is proper in the Eastern District of Pennsylvania in that some or all of the events complained of herein occurred in Northampton County, Pennsylvania.

4. As to the Title VII claims, Plaintiff has invoked the procedure set forth in § 706(a) of Title VII. On December 23, 2013, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") which was jointly filed with the Pennsylvania Human Relations Commission, against Colonial and the Individual Defendants alleging, <u>inter alia</u>, sex-based harassment, sex-based discrimination, and retaliatory practices as well as other improper conduct by Colonial and its agents, servants, and representatives.

5. On October 27, 2014, a Notice of Right to Sue was issued by the EEOC.

6. This action has been filed within ninety (90) days of receipt of said Notice.

7. More than one year has elapsed since the filing of Plaintiff's Complaint with the PHRC.

### III.  PARTIES

8. Plaintiff is an adult male citizen and resident of the Commonwealth of Pennsylvania, residing at 246 John Deere Road, Saylorsburg, Pennsylvania 18353.

9. At all times relevant hereto, Plaintiff has been a "person" or "employee" as defined under Title VII, and is subject to the provisions of the said Act.

10. Colonial is a Pennsylvania corporation with a principle place of business at Route 611

Box 71, Bartonsville, Pennsylvania 18321.

11. At all times relevant hereto, Ralph Vecchio Sr. (hereinafter "Ralph Sr."), male, was the Owner of Colonial. At all times relevant hereto, Ralph Sr. was an agent, servant, workman and/or employee of Colonial, acting and or failing to act within the scope, course and authority of his employment and his employer, Colonial. At all times relevant, Ralph Sr. was acting in his supervisory and personal capacity.

12. At all times relevant hereto Ralph Vecchio Jr. (hereinafter "Ralph Jr."), male, was the son of Ralph Sr. and Manager and Buyer of Colonial. At all times relevant hereto, Ralph Jr. was an agent, servant, workman, and/or employee of Colonial, acting and or failing to act within the scope, course and authority of his employment and his employer, Colonial. At all times relevant, Ralph Jr. was acting in his capacity as an employee of Colonial and his personal capacity.

13. At all times relevant hereto Terry Vecchio (hereinafter "Terry"), female, was the wife of Ralph Sr. and Notary Public for Colonial. At all times relevant hereto, Terry was an agent, servant, workman, and/or employee of Colonial, acting and or failing to act within the scope, course and authority of her employment and her employer, Colonial. At all times relevant, Terry was acting in her capacity as an employee of Colonial and her personal capacity.

14. At all times relevant hereto Marguerite Vecchio (hereinafter "Marguerite"), female, was the daughter of Ralph Sr. and Motor Vehicle Administrator for Colonial. At all times relevant hereto, Marguerite was an agent, servant, workman, and/or employee of Colonial, acting and or failing to act within the scope, course and authority of her employment and her employer, Colonial. At all times relevant, Marguerite was acting

in her capacity as an employee of Colonial and her personal capacity.

15. At all times relevant hereto, Colonial has been a "person" or "employer" as defined under Title VII, and is subject to the provisions of the said Act.

16. At all times relevant hereto, Colonial acted by and/or failed to act by and through the conduct of its officers, managers, agents and employees, all acting within the scope and course of their employment.

17. Colonial has, acting through its agents, servants and representatives, on more than one occasion, met with Plaintiff, and has heard allegations from Plaintiff of sexual harassment, gender discrimination, and retaliation.

18. At all relevant times herein, Colonial knew, or had reason to know, of the actions and inaction alleged herein and/or has personally participated in some of said actions and is ultimately responsible for same.

## IV. CAUSES OF ACTION

19. On or about March 1, 2003, Plaintiff was hired by Colonial as a Salesman.

20. At all relevant times herein, Plaintiff was a competent and proper employee with no write-ups or performance issues.

21. Beginning in 2004, Plaintiff was subjected to continuous sexual harassment by Marguerite.

22. Without limitation, Plaintiff was exposed and subjected to the sexual harassment and a hostile work environment, including, but not limited to the conduct set forth below.

23. Marguerite, who was the daughter of Ralph Sr., Colonial's owner and Plaintiff's supervisor, would sexually harass Plaintiff, in the following manner:

   a. Constantly make sexual advances on Plaintiff;

  b. Invite Plaintiff to come over to her house;

  c. Touch Plaintiff; and

  d. Make sexual comments to Plaintiff including but not limited to offers of oral sex, stating Plaintiff was "missing out" by not having sex with her, and stating she would be "the best sex" of Plaintiff's life.

24. Marguerite committed this inappropriate sexual harassment despite Plaintiff's constant refusals and objections and without Plaintiff's consent.

25. At all times, Marguerite's sexual and gender harassment of Plaintiff was open and notorious and Colonial was on actual and/or constructive notice of same.

26. Despite actual and constructive notice of Marguerite's pattern and practice of sexual harassment and her observed and known proclivities for such harassment, Colonial took no remedial action.

27. Marguerite continued to act in the aforementioned manner until Plaintiff married his current wife on October 16, 2010.

28. At this time, Marguerite became very hostile toward Plaintiff. Her hostile conduct included but is not limited to:

  a. Subjecting Plaintiff to hyper-criticism and hyper-scrutiny despite him having no negative job performance issues;

  b. Demeaning and berating Plaintiff in front of other employees;

  c. Yell and scream only at Plaintiff for issues at Colonial that every employee was having; and

  d. Threaten Plaintiff with physical assault, including once stating she would "beat the living f*ck out of" Plaintiff.

29. At all times, Marguerite's sexual and gender harassment of and retaliation against Plaintiff was open and notorious and Colonial was on actual and/or constructive notice of same. In fact, Terry witnessed Marguerite's above-stated conduct.

30. On or about September 26, 2012, Plaintiff reported Marguerite's above-stated conduct to Ralph Sr.

31. Despite this direct report of harassment, discriminatory and hostile conduct, and retaliation, Colonial took no remedial action and permitted Marguerite to continue to act in this discriminatory and hostile manner. In fact, Ralph Sr. merely told Plaintiff he was doing a good job and he should simply ignore Marguerite.

32. Plaintiff again reported Marguerite's discriminatory and hostile conduct to Ralph Jr. in April of 2013.

33. Again, Colonial took no remedial action and permitted Marguerite to continue to act in this discriminatory and hostile manner. Ralph Jr. also told Plaintiff to simply ignore Marguerite and nothing could be done about her discriminatory and hostile conduct.

34. On or about July 5, 2013, Plaintiff reported Marguerite's discriminatory and hostile conduct for a third time, this time to Ralph Sr. and Terry. Plaintiff informed Ralph Sr. and Terry that he would take appropriate legal action if Colonial continued to take no remedial action and permitted Marguerite to continue to act in this discriminatory and hostile manner.

35. In response to Plaintiff's third report of Marguerite's discriminatory and hostile conduct and stating he would seek legal action if Colonial continued to permit Marguerite to act in this discriminatory and hostile manner, Ralph Jr. discriminated against, harassed, and retaliated against Plaintiff on or about July 8, 2013 by threatening

Plaintiff by stating he would not permit Plaintiff to hurt Colonial and told Plaintiff not to hire an attorney.

36. On or about July 10, 2013, Plaintiff's employment with Colonial was terminated for the false and pretextual reason that "business was slow".

37. On or about July 12, 2013, Colonial then filled Plaintiff's position. Around this time, Ralph Sr. told Plaintiff he would give Plaintiff a positive reference and Plaintiff should have never been terminated.

38. Despite Plaintiff's complaints, Colonial failed to take prompt, appropriate remedial action which would be reasonably calculated to redress and correct the illegal behavior of its employees.

39. Immediately after Plaintiff reported Marguerite's conduct, Colonial began a continuous course of retaliation against Plaintiff for complaining of sexual harassment. The retaliation includes, but is not limited to, the following:

   a. Allowing Marguerite to continuously harass, discriminate, and retaliated against Plaintiff;

   b. Maintaining Plaintiff's job working in close proximity to Marguerite;

   c. Intentionally refusing to respond to and/or delaying responses to Plaintiff's complaints of harassment, discrimination, and retaliation by Marguerite;

   d. Failing to conduct a full, prompt, proper, and effective investigation into Marguerite's harassment, discrimination, and retaliation; and

   e. Failing to initiate effective remedial action designed to ensure that future harassment, discrimination, and retaliation would not happen.

40. Immediately after Plaintiff reported Marguerite a third time and stated he would seek

legal action if no remedial action was taken, Colonial, through Ralph Jr., retaliated against Plaintiff for this protected conduct. The retaliation includes, but is not limited to, the following:

   a. Threatening Plaintiff by telling Plaintiff he would not let Plaintiff hurt Colonial and Plaintiff should not get an attorney; and

   b. Terminating Plaintiff's employment for false and pretextual reasons.

41. Colonial created or permitted to exist a hostile work environment within which Plaintiff was asked to function.

42. Marguerite continues to retaliate against Plaintiff by falsely telling at least one other individual in the automotive sales industry that Plaintiff "came onto" her.

43. Plaintiff believes, and therefore avers, that Colonial created and/or permitted an intolerable and hostile work environment designed to interfere with his employment and to victimize him because she reported the illegal actions of Marguerite by, but not limited to the following:

   a. Creating and fostering a work environment that was openly hostile toward Plaintiff; and

   b. Creating and fostering a work environment that was so openly hostile toward Plaintiff that when he complained about the sexual harassment and retaliation, he was ignored.

44. Colonial was responsible and liable for the conduct of its employees for subjecting Plaintiff to sexual harassment while employed at Colonial and a hostile work environment based on this harassment and for failing to protect Plaintiff from the above stated unlawful conduct.

45. As a direct result of the conduct of Colonial, Plaintiff has been irrevocably damaged.

46. As a direct result of the conduct of Colonial, Plaintiff has suffered and continues to suffer severe emotional, psychological, and physical distress.

47. As a direct result of Defendants' conduct, Plaintiff has suffered a loss of earnings.

**COUNT I**
**PLAINTIFF v. COLONIAL**
**<u>VIOLATION OF TITLE VII</u>**

48. Paragraphs 1 through 47, inclusive, are incorporated by reference as if fully set forth at length herein.

49. Based on the foregoing, Colonial has engaged in unlawful practices in violation of Title VII. The said unlawful practices for which Colonial is liable to Plaintiff include, but are not limited to, fostering and perpetuating a hostile and offensive work environment, retaliating against him because of his expressed opposition to offensive sexually related conduct in the work place, subjecting him to more onerous working conditions, and treating him in a disparate manner.

50. As a direct result of the aforesaid unlawful discriminatory employment practices engaged in by Colonial in violation of Title VII, Plaintiff sustained loss of earnings, severe emotional and psychological distress, loss of self-esteem, loss of future earning power, plus back pay, front pay and interest due thereon.

**COUNT II**
**PLAINTIFF v. COLONIAL**
**<u>RETALIATION UNDER TITLE VII</u>**

51. Paragraphs 1 through 50, inclusive, are incorporated by reference as if fully set forth at length herein.

52. By the acts complained of, Colonial has retaliated against Plaintiff for exercising his

rights under Title VII, which constitutes a violation of Title VII.

53. Colonial's foregoing continued adverse employment actions and violations, including retaliation against Plaintiff under circumstances giving rise to an inference of discrimination and retaliation, were taken without valid and just cause.

54. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Colonial' retaliatory practices unless and until this Court grants relief.

## COUNT III
## PLAINTIFF v. COLONIAL
## NEGLIGENCE UNDER TITLE VII

55. Paragraphs 1 through 54, inclusive, are incorporated by reference as if fully set forth at length herein.

56. Colonial was negligent in the following respects:

   a. Failing to implement an effective, well-known and uniformly enforced policy against sex-based harassment, sex-based discrimination, and retaliation;

   b. Failing to properly investigate Plaintiff's complaints of sex-based harassment, sex-based discrimination, and retaliation;

   c. Failing to take any action reasonably calculated to remedy Plaintiff's complaints of sex-based harassment, sex-based discrimination, and retaliation;

   d. Failing to impose any discipline upon their employees who had engaged in sex-based harassment, sex-based discrimination, and retaliation;

   e. Failing to take reasonable actions to discover illegal sex-based harassment, sex-based discrimination, and retaliation by their employees; and

   f. Failing to take reasonable actions to prevent illegal sex-based harassment, sex-

based discrimination, and retaliation from taking place.

57. Colonial owed Plaintiff a duty in all of the respects set forth in Paragraph 56, but failed to perform each of those duties as set forth above.

58. As a direct, reasonable and foreseeable result of the negligence of Colonial, Plaintiff suffered the injuries and damages set forth above.

### COUNT IV
### PLAINTIFF v. COLONIAL
### VIOLATION OF THE PHRA

59. Paragraphs 1 through 58 inclusive, are incorporated by reference as if fully set forth at length herein.

60. The unlawful actions of Colonial acting as aforesaid, constitute a violation of the Pennsylvania Human Relations Act, 43 Pa.C.S.A. § 951 et seq. The said unlawful practices for which Colonial is liable to Plaintiff include, but are not limited to, discriminating against Plaintiff and retaliating against Plaintiff for repeatedly reporting sex-based harassment, sex-based discrimination, and retaliation.

61. As a direct result of Colonial's willful and unlawful actions in treating Plaintiff in a discriminatory manner and retaliating against him solely because of his protected conduct in violation of the Pennsylvania Human Relations Act, Plaintiff has sustained severe emotional distress, loss of earnings, plus the failure of the aforementioned benefits, plus loss of future earning power, plus back pay, front pay, and interest due thereon.

### COUNT V
### PLAINTIFF v. COLONIAL
### RETALIATION UNDER THE PHRA

62. Paragraphs 1 through 61 inclusive, are incorporated by reference as if fully set forth at

length herein.

63. By the acts complained of, Colonial has retaliated against Plaintiff for exercising his rights under the Pennsylvania Human Relations Act, in violation of said act.

64. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Colonial's retaliatory practices unless and until this Court grants relief.

## COUNT VI
## PLAINTIFF v. THE INDIVIDUAL DEFENDANTS
## RALPH SR., RALPH JR., TERRY, and MARGUERITE
## AIDING AND ABETTING
## DISCRIMINATION AND RETALIATION UNDER THE PHRA

65. Paragraphs 1 through 64 inclusive, are incorporated by reference as if fully set forth at length herein.

66. The unlawful actions of the Individual Defendants, Ralph Sr., Ralph Jr., Terry, and Marguerite, acting as aforesaid, constitutes a violation of the Pennsylvania Human Relations Act.

67. The said unlawful practices for which the Individual Defendants are liable to Plaintiff include, but are not limited to discriminating against and retaliating against Plaintiff because he reported sex-based harassment, sex-based discrimination, and retaliation.

68. At all relevant times herein, the Individual Defendants knew or had reason to know of the actions and inaction alleged herein and/or have personally participated in some of said actions and are ultimately responsible for same, and aided and abetted the illegal conduct of Colonial.

69. The Individual Defendants, as supervisors, are personally liable pursuant to the Pennsylvania Human Relations Act for aiding and abetting the unlawful conduct, sex-

based harassment, sex-based discrimination, and retaliation set forth herein.

70. As a direct result of the Individual Defendants' willful and unlawful actions in aiding and abetting in the discrimination and retaliation set forth herein in violation of the Pennsylvania Human Relations Act, Plaintiff has sustained, severe emotional distress, loss of earnings, plus the failure of the aforementioned benefits, plus loss of future earning power, plus back pay, front pay, and interest due thereon.

### STATEMENT OF FACTS JUSTIFYING THE IMPOSITION OF PUNITIVE DAMAGES

71. Paragraphs 1 through 70, inclusive, are incorporated by reference as if fully set forth at length herein.

72. At all times relevant hereto, Colonial knew or should have known of the pattern of conduct in which Ralph Sr., Ralph Jr., Terry, and Marguerite had engaged and in which they continued to engage.

73. At all times relevant hereto, Colonial knew or should have known that the aforesaid pattern of conduct was in violation of the law.

74. At all times relevant hereto, Colonial acted willfully, wantonly, recklessly and with an outrageous disregard and indifference to the rights, safety and well-being of the Plaintiff.

75. Plaintiff therefore demands punitive damages under Title VII.

### V. PRAYER FOR RELIEF

76. Plaintiff repeats the allegations of paragraphs 1 through 75 of this Complaint as if set forth at length herein.

WHEREFORE, Plaintiff requests this Court to enter judgment in his favor and against Colonial and requests that this Court:

a. Exercise jurisdiction over his claims;

b. Award traditional tort remedies such as compensatory damages, pain and suffering, physical and emotional distress, economic loss, time loss, severe emotional trauma, including, but not limited to, trauma endured in litigating this matter, and punitive damages;

c. Issue declaratory and injunctive relief declaring the above-described practices to be unlawful, and enjoining their past and continued effects;

d. Order Colonial compensate Plaintiff with a rate of pay and other benefits and emoluments to employment, to which she would have been entitled, had she not been subject to unlawful discrimination;

e. Order Colonial compensate Plaintiff with an award of front pay, if appropriate;

f. Order Colonial compensate Plaintiff for the wages and other benefits and emoluments of employment lost, because of their unlawful conducts;

g. Order Colonial pay to Plaintiff compensatory damages for future pecuniary losses, pain, suffering, inconvenience, mental anguish, loss of employment of life and other non-pecuniary losses as allowable;

h. Order Colonial pay to Plaintiff pre and post judgment interest, costs of suit and attorney and expert witness fees as allowed by law; and

i. The Court award such other relief as is deemed just and proper.

VI. **JURY DEMAND**

      Plaintiff demands trial by jury.

                                        HAHALIS & KOUNOUPIS, P.C.

                                        By: /s/ *George S. Kounoupis*
                                            George S. Kounoupis, Esquire
                                            20 East Broad Street
                                            Bethlehem, PA  18018
                                            (610) 865-2608
                                            Attorneys for Plaintiff,
                                            Louis Domenico

Dated:  January 12, 2015